Michael S. Amato
Sheryl P. Giugliano
Nicolas A. Florio
Madison F. Scarfaro
RUSKIN MOSCOU FALTISCHEK, P.C.
1425 RXR Plaza
East Tower, 15th Floor
Uniondale, New York 11556
Telephone:  (516) 663-6600
mamato@rmfpc.com
sgiugliano@rmfpc.com
nflorio@rmfpc.com
mscarfaro@rmfpc.com

*Proposed Counsel to the Debtors and Debtors-in-Possession*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
In re:                                                                          Chapter 11

EXCELL COMMUNICATIONS, INC.,                   Case No. 25-71444 (___)

                Debtor.
-------------------------------------------------------------x
-------------------------------------------------------------x
In re:                                                                          Chapter 11

TELECABLE, INC.,                                            Case No. 25-71445 (___)

                Debtor.
-------------------------------------------------------------x
-------------------------------------------------------------x
In re:                                                                          Chapter 11

E-FLEET SERVICES CORP.,                              Case No. 25-71446 (___)

                Debtor.
-------------------------------------------------------------x

## DEBTORS' MOTION FOR ENTRY OF AN ORDER DIRECTING
## JOINT ADMINISTRATION OF RELATED CHAPTER 11 CASES

Excell Communications, Inc. and its affiliated debtors and debtors-in-possession (collectively, the "**Debtors**," and each individually, a "**Debtor**"), by and through their proposed

counsel, Ruskin Moscou Faltischek, P.C., respectfully submit this motion (the "**Motion**") for entry of an order, substantially in the form annexed hereto as **Exhibit A** (the "**Proposed Order**"), directing joint administration of the Debtors' chapter 11 cases. In support of this Motion, the Debtors respectfully represent as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). The Debtors confirm their consent, pursuant to rule 7008 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), to the entry of a final order by the Bankruptcy Court in connection with this Motion to the extent that it is later determined that the Bankruptcy Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are sections 105(a) and 366 of title 11 of the United States Code (the "**Bankruptcy Code**") and Bankruptcy Rule 1015(b).

## BACKGROUND

4. On the date hereof (the "**Petition Date**"), each of the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

5. The Debtors are authorized and intend to continue to operate their businesses and manage their properties as debtors-in-possession pursuant to Bankruptcy Code §§ 1107(a) and 1108.

6. No trustee, examiner, or statutory committee of creditors has been appointed in these chapter 11 cases.

7. The Debtors specialize in the development of network infrastructure for leading

companies in the wireless, fiber, and utility industries, including the provision of comprehensive construction and project management services to the telecommunications industry.

8. The Court and interested parties are respectfully referred to the *Declaration of Harry Zapiti Pursuant to Local Rule 1007-4 in Support of First Day Motions*, filed contemporaneously herewith, for a more complete description of the Debtors, their operations, and the events leading to the filing of these chapter 11 cases.

## RELIEF REQUESTED

9. By this Motion, the Debtors respectfully request that this Court enter the Proposed Order, substantially in the form annexed hereto as **Exhibit A**, directing joint administration of the Debtors' chapter 11 cases.

## BASIS FOR RELIEF

10. Bankruptcy Rule 1015(b) provides:

> Cases Involving Two or More Related Debtors. If a joint petition or two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates. Prior to entering an order the court shall give consideration to protecting creditors of different estates against potential conflicts of interest.

FED. R. BANKR. P. 1015(b).

11. Joint administration is a procedural tool that promotes the fair and efficient administration of related cases of affiliated debtors. The Advisory Committee Note to Bankruptcy Rule 1015 states:

> Joint administration as distinguished from consolidation may include combining the estates by using a single docket for the matters occurring in the administration, including the list of filed claims, the combining of notices to creditors of the different estates and the joint handling of other purely administrative matters that may aid in expediting the cases and rendering the process less costly.

Advisory Committee Notes, FED. R. BANKR. P. 1015.

3

12. The Debtors in these chapter 11 cases are affiliated and related, but independent, entities. Excell Communications, Inc. is the parent of each of the other Debtors. Therefore, joint administration of these chapter 11 cases is appropriate under Bankruptcy Rule 1015(b).

13. An affiliate is defined as a "corporation 20 percent or more of whose outstanding voting securities are directly or indirectly owned, controlled, or held with power to vote, by the debtor, or by an entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor." 11 U.S.C. § 101(2)(B).

14. The joint administration of the chapter 11 cases will permit the Clerk of the Court to use a single general docket for each of the Debtors' cases and to combine notices to creditors and other parties in interest of the Debtors' respective estates. Indeed, the Debtors anticipate that numerous notices, applications, motions, other pleadings, hearings, and orders in the chapter 11 cases will affect all of the Debtors.

15. Joint administration will save time and money and avoid duplicative and potentially confusing filings by permitting counsel for all parties in interest to: (a) use a single caption on the numerous documents that will be served and filed herein; and (b) file the papers in one case rather than in multiple cases. Joint administration also will protect parties in interest by ensuring that parties in each of the Debtors' chapter 11 cases will be apprised of the various matters taking place before this Court in the chapter 11 cases.

16. The rights of the Debtors' respective creditors will not be adversely affected by joint administration of these chapter 11 cases inasmuch as the relief sought is purely procedural and is in no way intended to affect any substantive rights. All creditors and other parties in interest will maintain whatever claims and rights they have against the Debtors' individual estates.

17. Inasmuch as the Debtors' businesses are interrelated, the Debtors' best interests

would be served by an order of joint administration entered in their respective chapter 11 cases in accordance with Bankruptcy Rule 1015(b). The rights of the Debtors' respective creditors will not adversely be affected by the proposed joint administration because the Debtors will continue as separate and distinct legal entities. Moreover, each creditor may still file its claim against a particular bankruptcy estate.

18.  An order directing joint administration will result in reduced costs of administration, will facilitate administration of the Debtors' respective chapter 11 cases, and will eliminate duplicative filings with the Court of various pleadings, applications and motions, relieving the burden on the Court, the United States Trustee, and other parties in interest.

19.  In this regard, the Debtors request that the caption of their chapter 11 cases should be modified to reflect the joint administration of these chapter 11 cases as follows:

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
| | |
|---|---|
| In re: | Chapter 11 |
| EXCELL COMMUNICATIONS, INC., *et al.*,[1] | Case No. 25-71444 (___) |
| Debtors. | (Joint Administration Requested) |

---------------------------------------------------------------x

20.  The Debtors submit that the use of this simplified caption will eliminate cumbersome and confusing procedures and ensure a uniformity of pleading identification.

21.  The Debtors further seek the Court's direction that a notation substantially similar to that below be made on the case dockets of each of the Debtors' chapter 11 cases to reflect the joint administration of the chapter 11 cases:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: E-Fleet Services Corp. (3213), Excell Communications, Inc. (3973), and Telecable, Inc. (7957). The location of the Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is 255 Executive Drive, Suite 409, Plainview, New York 11803.

1045095

> An order has been entered in this case consolidating this case with the case of Excell Communications, Inc., Case No. 25-71444 (___), for procedural purposes only and providing for its joint administration in accordance with the terms thereof. The docket in Case No. 25-71444 (___) should be consulted for all matters affecting this case.

22. Additionally, the Debtors seek authority to file, where necessary, monthly operating reports on a consolidating basis as required by the Office of the United States Trustee if, in the Debtors' sole determination, after consultation with the Office of the United States Trustee and the creditors' committee (if a committee is appointed and chooses to serve in these chapter 11 cases), such consolidation of the monthly operating reports would be in the best interests of administrative economy and efficiency and would accurately reflect the Debtors' consolidated business operations and financial affairs.

23. The relief sought in this Motion is solely procedural, is not intended to affect substantive rights, and is commonly granted by this Court. *See, e.g.*, *In re East Coat TVs Inc.*, Case No. 18-40765 (ESS), ECF Doc. No. 22 (Bankr. E.D.N.Y. Feb. 16, 2018) (order directing joint administration of chapter 11 cases); *In re E & J Macon LLC*, Case No. 18-40321 (NHL), ECF Doc. No. 15 (Bankr. E.D.N.Y. Jan. 31, 2018) (order granting same); *In re Bracha Cab Corp.*, Case No. 17-46613 (NHL), ECF Doc. No. 16 (Bankr. E.D.N.Y. Jan. 19, 2018) (order granting same); *In re Avenica Inc.*, Case No. 17-41813 (ESS), ECF Doc. No. 123 (Bankr. E.D.N.Y. Aug. 15, 2017) (order granting same); *In re Acme American Reparis, Inc.*, Case No. 17-42978 (NHL), ECF Doc. No. 42 (Bankr. E.D.N.Y. Aug. 4, 2017) (order granting same).

## **NOTICE**

24. The Debtors will provide notice of this Motion to the following parties and/or their respective counsel, as applicable: (i) the Office of the United States Trustee for the Eastern District of New York, Central Islip Division, Alfonse D'Amato Federal Courthouse,

560 Federal Plaza, Central Islip, New York 11722-4456, Attn: Christine H. Black (Christine.H.Black@usdoj.gov); (ii) any party whose interests are directly affected by relief requested in the Motion; (iii) any party entitled to notice pursuant to rule 9013-1(d) of the Local Bankruptcy Rules for the Eastern District of New York (the "**Local Rules**") or that requests notice pursuant to Bankruptcy Rule 2002; (iv) the consolidated list of the thirty (30) largest unsecured creditors of the Debtors; and (v) any other parties required to receive service under Local Rule 2002-2 and the Court's Administrative Order No. 565 adopting the *Guidelines for First Day Motions*, dated July 6, 2010. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## LOCAL RULE 9013-1(A) STATEMENT

25.     This Motion includes citations to the applicable rules and statutory authorities upon which the relief requested herein is predicated and a discussion of their application to this Motion. Accordingly, the Debtors submit that this Motion satisfies Local Rule 9013-1(a).

## NO PRIOR REQUEST

26.     No prior request for the relief sought herein has been made to this Court or any other court.

[*Remainder of space intentionally left blank*]

## **CONCLUSION**

**WHEREFORE**, the Debtors respectfully request that this Court enter the Proposed Order, substantially in the form annexed hereto as **Exhibit A**, granting the relief requested herein and such other relief as is just and proper.

Uniondale, New York  
April 14, 2025

Respectfully submitted,

/s/ *Michael S. Amato*
Michael S. Amato
Sheryl P. Giugliano
Nicolas A. Florio
Madison F. Scarfaro
**RUSKIN MOSCOU FALTISCHEK, P.C.**
1425 RXR Plaza
East Tower, 15th Floor
Uniondale, New York 11556
Telephone:  516-663-6600
mamato@rmfpc.com
sgiugliano@rmfpc.com
nflorio@rmfpc.com
mscarfaro@rmfpc.com

*Proposed Counsel to the Debtors and Debtors-in-Possession*

# EXHIBIT A

**Proposed Order**

1045095

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
In re:                                                                  Chapter 11

EXCELL COMMUNICATIONS, INC.,                      Case No. 25-71444 (___)

                Debtor.
-------------------------------------------------------------x
-------------------------------------------------------------x
In re:                                                                  Chapter 11

TELECABLE, INC.,                                              Case No. 25-71445 (___)

                Debtor.
-------------------------------------------------------------x
-------------------------------------------------------------x
In re:                                                                  Chapter 11

E-FLEET SERVICES CORP.,                                Case No. 25-71446 (___)

                Debtor.
-------------------------------------------------------------x

**ORDER DIRECTING JOINT ADMINISTRATION**
**OF RELATED CHAPTER 11 CASES**

Upon the motion (the "**Motion**")[1] of Excell Communications, Inc. and its affiliated debtors and debtors-in-possession (collectively, the "**Debtors**," and each individually, a "**Debtor**"), seeking entry of an order, pursuant to Bankruptcy Rule 1015(b), directing joint administration of the Debtors' chapter 11 cases; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and this Court having found that the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having the power to enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors provided adequate and appropriate notice of the Motion

---

[1] All capitalized terms used but not otherwise defined herein shall have the meanings given to them in the Motion.

under the circumstances and that no other or further notice is required; and this Court having found and determined that the relief requested in the Motion is in the best interest of the Debtors' estates, their creditors, and other parties in interest; and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is hereby

**ORDERED**, that the Motion is **GRANTED** as set forth herein; and it is further

**ORDERED**, that the Debtors' chapter 11 cases be, and hereby are, consolidated for purposes of joint administration only pursuant to Bankruptcy Rule 1015(b); and it is further

**ORDERED**, that the caption for such cases, as consolidated under the terms hereof, shall read as follows:

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
| | |
|---|---|
| In re: | Chapter 11 |
| EXCELL COMMUNICATIONS, INC., *et al.*,[2] | Case No. 25-71444 (___) |
| Debtors. | (Joint Administration Requested) |

------------------------------------------------------------x
; and it is further

**ORDERED**, that entries shall be made by the Clerk of the Court on the original dockets of each of the Debtors' cases substantially as follows:

> An order has been entered in this case consolidating this case with the case of Excell Communications, Inc., Case No. 25-71444 (___), for procedural purposes only and providing for its joint administration in accordance with the terms thereof. The docket in Case No. 25-71444 (___) should be consulted for all matters affecting this case.

---

[2] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: E-Fleet Services Corp. (3213), Excell Communications, Inc. (3973), and Telecable, Inc. (7957). The location of the Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is 255 Executive Drive, Suite 409, Plainview, New York 11803.

; and it is further

**ORDERED**, that the Debtors may file a single monthly operating report, as required by the *Operating Guidelines and Reporting Requirement for Debtors in Possession and Trustees (Revised 03/01/23)* issued by the Office of the United States Trustee for Region 2, for the jointly administered Debtors. However, the monthly operating report shall be filed on a consolidating (not consolidated) basis. The report shall contain on a consolidating basis the information required for each Debtor that tracks and breaks out all of the specific information, *e.g.*, receipts, disbursements, profit and loss statements, balance sheets and other required information on a Debtor-by-Debtor basis; and it is further

**ORDERED**, that nothing contained in this Order shall be deemed or construed as directing or otherwise effecting the substantive consolidation of any of the above-captioned chapter 11 cases; and it is further

**ORDERED**, that to the extent the Motion is inconsistent with this Order, the terms of this Order shall govern; and it is further

**ORDERED**, that the terms and conditions of this Order shall be immediately effective and enforceable upon its entry; and it is further

**ORDERED**, that the Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion; and it is further

**ORDERED**, that this Court shall retain jurisdiction over any and all issues arising from or related to the implementation, interpretation, and enforcement of this Order.